

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,343-01

**EX PARTE ANTHONY T. BROWN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A12158-1 IN THE 216TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of less than one gram of cocaine. TEX. HEALTH & SAFETY CODE § 481.112(b). The offense was raised from a state-jail felony to a third-degree felony because it occurred in a drug-free zone. *Id.* § 481.134(d). Applicant was sentenced to three years and six months' imprisonment.

Applicant contends that he is being denied review for parole. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we

held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's parole eligibility date, whether he has been reviewed for parole and, if not, why not.

The trial court may also order depositions, interrogatories or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being reviewed for parole. If not, the trial court shall then make findings as to the reasons Applicant is being denied parole review. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: December 10, 2014
Do not publish